■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN BROWN, Appellant. [632 NYS2d 134] —Judgment, Supreme Court, Bronx County (George Covington, J., at plea, sentence and plea withdrawal hearing), rendered December 3, 1992, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree and sexual abuse in the first degree and sentencing him, as a second felony offender, to concurrent prison terms of $2^1/2$ to 5 years and 3 to 6 years, respectively, unanimously affirmed.

At the hearing held, upon this Court's order (205 AD2d 436), on defendant's motion to withdraw his plea, defendant, while conceding his guilt on the weapon charge, continued to avow that he was innocent of sexual abuse. Defendant had been permitted to plead guilty to the sexual abuse charge in satisfaction of an indictment charging him with a top count of rape in the first degree. While continuing to contend that he had hearing problems which had made it difficult to understand the proceedings at his plea allocution, defendant failed to support his allegations of hearing loss with any medical evidence and, in fact, acknowledged that doctors had found nothing wrong with his hearing. In any case, his primary contention was not that he had not understood the proceedings but that he had pled guilty to sexual abuse and admitted his guilt thereto only because he was afraid if he did not he would ultimately serve a long prison sentence. Contrary to his former contentions, he acknowledged that his lawyer at the time of his plea had never told him he would serve less than three years if he pled guilty. Thus, upon proper inquiry, defendant revealed that he had nothing to offer in support of his motion to withdraw his plea other than unsupported protestations of innocence, and he has failed to establish that the plea was not "entered voluntarily, knowingly and intelligently" (*People v Fiumefreddo*, 82 NY2d 536, 543). Concur—Ellerin, J. P., Ross, Nardelli and Williams, JJ.